## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ISAAC AZPEITIA,

               Plaintiff,

v.                                               Civ.  No. 03-1000 JH/RHS

STATE FARM INSURANCE, INC.,

               Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Defendant's Motion For Summary Judgment* [Doc. No. 16]. After a careful review of the briefs and the applicable law, the Court finds that the motion should be denied.

## LEGAL STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co*., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Id*. However, the Court is not required to evaluate every conceivable inference which can be drawn from evidentiary matter, but only reasonable ones. *Lucas v. Dover Corp.*, 857 F. 2d 1397, 1401 (10th Cir. 1988). In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id*. Nevertheless, a jury question does not exist because of the

presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question. *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Defendant's motion in light of these standards.

## FACTUAL BACKGROUND

This case arises from a dispute regarding insurance coverage. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") provided three policies of automobile insurance to Plaintiff Isaac Azpeitia. On October 13, 2002, Plaintiff was involved in an automobile accident in Albuquerque, New Mexico. Beyond these bare facts, the parties' views of the facts diverge.

State Farm contends that on September 4, 2002, it mailed a letter to Plaintiff informing him that it was not renewing his coverage, which would lapse on October 8, 2002. In support of this contention, State Farm has provided the Court with a copy of a non-renewal letter from Ramon Lopez to Plaintiff dated September 4, 2002. *See* Defendant's Ex. B. The letter is unsigned by Mr. Lopez and contains, in the lower right-hand corner, a stamp that reads "Sunland Regional Office, Sep - 4 2002, Mail Room 4" and the handwritten initials "JCH." The letter is unaccompanied by an affidavit by either its author, Mr. Lopez, or by the individual who initialed it.

Plaintiff, in turn, argues that he never received the letter of non-renewal. However, Plaintiff did not submit an affidavit to that effect.

## DISCUSSION

The crux of State Farm's motion for summary judgment is its contention that it mailed a notice of non-renewal to Plaintiff on September 4, 2002 informing him that his insurance coverage would lapse on October 8, 2002. From this, State Farm argues that Plaintiff did not have insurance coverage at the time of his accident on October 13, 2002. The only evidence that State Farm has

presented in support of its contention is a copy of a letter from a State Farm employee to Plaintiff dated September 4, 2002. *See* Defendant's Ex. B. In its memorandum brief, State Farm argues that "[t]he notice of non-renewal bears a September 4, 2002 mail room date-stamp, which has been initialed by a State Farm employee, as proof of mailing."

Even if the Court assumes that State Farm's legal arguments regarding its duties to policyholders regarding notice of non-renewal are correct, State Farm simply has not presented the Court with sufficient evidence upon which to grant summary judgment. Defendant's Exhibit B has not been authenticated by an affidavit or the deposition testimony of its author, and therefore it is inadmissible for consideration on a motion for summary judgment. Furthermore, State Farm asks the Court to simply assume that the letter was mailed on September 4, 2002, despite the fact that State Farm failed to come forward with an affidavit based upon personal knowledge by one who is in a position to testify that the letter was in fact mailed on that date. Surprisingly, based upon the mere presence of a stamp and the initials of an anonymous person known only as "JCH," State Farm asks the Court to simply assume that mailing occurred on September 4. This the Court cannot do.

State Farm bears the burden of demonstrating, though affidavits, depositions, answers to interrogatories, and admissions, that there is no genuine issue of material fact to be decided at trial. State Farm has not met that burden.

IT IS THEREFORE ORDERED that *Defendant's Motion For Summary Judgment* [Doc. No. 16] is DENIED.


UNITED STATES DISTRICT JUDGE

3