IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAAC AZPEITIA,

Plaintiff,

v.                                                    Civ.  No. 03-1000 JH/RHS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter comes before the Court *sua sponte* in order to determine if the Court has subject matter jurisdiction.  The primary issue before the Court is whether the jurisdictional amount required by 28 U.S.C. § 1332 has been satisfied.  Because the Court concluded that the requisite "amount in controversy" of $75,000 has not been satisfied, the case will be remanded to state district court.

## BACKGROUND

This case arises from a dispute regarding insurance coverage.  Defendant State Farm Mutual Automobile Insurance Company ("State Farm") provided three policies of automobile insurance to Plaintiff Isaac Azpeitia and his family.  On October 13, 2002, Plaintiff was involved in an automobile accident in Albuquerque, New Mexico.  According to his complaint, Plaintiff claims that State Farm improperly refused to meet its obligations under the insurance contract, and he asserts claims for insurance bad faith and breach of contract.  As New Mexico law requires, Plaintiff did not allege a specific amount of damages in his complaint.  *See* N.M.R.Civ.P. 1-010B.[1]  Rather, Plaintiff claimed to be entitled to "reasonsable" compensatory damages and punitive damages.  Complaint at ¶ ¶ 17,

---

[1]Rule 1-010B provides that "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount."

20, and 21.  In its defense, State Farm argues that in advance of the accident it properly notified

Plaintiff that it was not renewing his insurance policies.

On August 27, 2003, Defendant removed the action to federal court on the basis of diversity

jurisdiction.  *See* 28 U.S.C. §§ 1332(a) and 1441(a).  In its Notice of Removal, Defendant asserts the

presence of federal subject-matter jurisdiction because:

> the Plaintiff's allegations ... establish he is seeking punitive damages
> against Defendant, as well as compensatory damages related to a civil
> suit against him arising from an automobile accident which occurred on
> October 13, 2002. The Plaintiff is also seeking compensation for
> property damage he incurred in that same accident.  Thus, Plaintiff's
> claims are in an amount in excess of $75,000.

Notice of Removal at p. 2.

In this case, it appears that the parties agree that Plaintiff is a citizen of the State of New

Mexico and Defendant is a foreign corporation based in Illinois.  *See* 28 U.S.C. § 1442(b) (action

based on diversity of citizenship "shall be removable only if none of the ... defendants is a citizen of

the State in which such action is brought").  The issue, therefore, is whether this case satisfies the

requisite amount in controversy.

## DISCUSSION

Federal district courts have original jurisdiction of civil actions where both complete diversity

of citizenship and an amount in controversy in excess of $75,000 (exclusive of interest and costs) exist.

28 U.S.C. § 1332; *see Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) ("Since its enactment,

[the Supreme Court] has interpreted the diversity statute to require 'complete diversity' of

citizenship."); *State Farm Mutual Automobile Ins. Co. v. Narvaez*, 149 F.3d 1269 (10th Cir. 1998)

(*sua sponte* dismissing case for lack of diversity jurisdiction when claim did not exceed the requisite

amount in controversy).

The right to removal is determined from plaintiff's complaint at the time the petition for removal is filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). *See Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). When the amount in controversy is not apparent on the face of plaintiff's state court complaint, the federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting by designation) (citing 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3725 at 73 (3d ed.1998)). Where a case was originally filed in state district court, a presumption exists against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the court must resolve all doubts against removal, *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Furthermore, when it appears there is doubt as to the existence of federal subject matter jurisdiction, the Court has an obligation to raise and address the issue *sua sponte*. *See, e.g., Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977). " 'A court lacking jurisdiction ... must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.' " *Tuck v. United Services Auto. Ass'n,* 859 F.2d 842, 844 (10th Cir. 1988) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989).

Although the Court notes that in the Pretrial Order the parties have stipulated to the existence of subject matter jurisdiction, it is well-settled that the parties cannot "concede" jurisdiction by

3

agreeing that the jurisdictional amount requirement has been satisfied.  The court's obligation to determine the presence of the appropriate amount in controversy is independent of the parties' stipulations.  *See Laughlin*, 50 F.3d at 873.  "[I]f, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586 (1938).

Because this is an issue of subject matter jurisdiction, the Court reviews the complaint under Fed. R. Civ. P. 12(b)(1).  A review of the complaint reveals absolutely no basis from which to conclude that the amount in controversy exceeds $75,000.  Plaintiff merely makes a demand for compensatory and punitive damages, and the complaint does not contain any concrete facts from which one might infer the amount of those alleged damages.

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying defendant's assertion. 50 F.3d at 873.  In other words, a removing defendant must set forth in the notice of removal specific facts which form the basis of its belief that there is more than $75,000 at issue in the case.  The removing defendant bears the burden of establishing federal court jurisdiction.  *Laughlin*, 50 F.3d at 873.

In this case, State Farm has not met that burden.  The Notice of Removal contains only conclusory statements regarding the amount in controversy.  Although Defendant lists the various categories of damages asserted by Plaintiff, State Farm has failed to come forth with any specific facts to support its allegations regarding the *amount* placed in controversy by Plaintiff's claims.  Similarly, the remainder of the official court file contains no evidence to support Defendant's claim regarding

4

the jurisdictional amount.  Because State Farm has not met its burden as defined by the *Laughlin*

court, this Court concludes that it lacks subject matter jurisdiction and that it must remand the action

to the state district court.

IT IS THEREFORE ORDERED that this case be REMANDED to the Second Judicial District

Court, Bernalillo County, New Mexico.


_____
UNITED STATES DISTRICT JUDGE